

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2009

# Brian Johnson v. Ronnie Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Brian Johnson v. Ronnie Holt" (2009). *2009 Decisions.* Paper 666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-292                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2745
_____

BRIAN A. JOHNSON,

Appellant

v.

RONNIE HOLT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-02288)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 20, 2009

Before: MCKEE, FISHER and CHAGARES , Circuit Judges

(Opinion filed: September 14, 2009)
_____

OPINION
_____

PER CURIAM

　　Brian Johnson appeals the District Court's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241.  We will affirm the District Court's order on alternate

grounds.

In May 2000, Johnson was sentenced in the District Court for the Eastern District of Virginia to life in prison on several counts of money laundering and drug trafficking. The Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In January 2003, Johnson filed a motion under 28 U.S.C. § 2255 in the sentencing court challenging his conviction. The District Court denied the motion, and the Court of Appeals denied Johnson a certificate of appealability. In August 2008, Johnson filed an unsuccessful motion to reduce his sentence pursuant to 18 U.S.C. § 3582.

In May 2009, Johnson filed a petition under 28 U.S.C. § 2241. The District Court, believing that Johnson was trying to attack a state court conviction, dismissed the § 2241 petition and ordered the clerk to send Johnson the forms for a petition under 28 U.S.C. § 2254. Johnson filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In his petition, Johnson argued that the Double Jeopardy Clause barred use of his Maryland state court conviction on drug charges in his federal prosecution for drug trafficking. Because Johnson is a federal prisoner seeking to challenge his federal conviction, a petition pursuant to § 2254 would not be appropriate. However, a petition pursuant to § 2241 is also not an appropriate vehicle for Johnson to challenge his federal conviction. Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Id. We have explained that

> a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

proceeding from affording him a full hearing and adjudication of his wrongful detention claim.  It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Cradle v. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (citations omitted).  Johnson has

not shown that a § 2255 motion would be inadequate or ineffective.[1]

Summary action is appropriate if there is no substantial question presented in the

appeal.  See Third Circuit LAR 27.4.  For the above reasons, we will summarily affirm

the District Court's order.  See Third Circuit I.O.P. 10.6.

---

[1] While we do not reach the merits of Johnson's petition, we note that the Double Jeopardy Clause does not bar federal prosecutions based on the same facts as state court convictions.  Abbate v. United States, 359 U.S. 187 (1959).